IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **SHUNDRA ANDERSON** | § § § § | |
| | § | **CIVIL NO. 2:23-cv-00195** |
| **VS.** | § § § § § § § | **JURY DEMANDED** |
| **DOMINION FINANCIAL SERVICES, LLC** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff Shundra Anderson presents her Complaint for unlawful discrimination and retaliation in violation of 42 U.S.C. § 1981 and 29 U.S.C. §§ 1132, 1140.

### PARTIES

1. Shundra Anderson is a citizen and resident of the United States, residing in Rusk County, Texas.

2. Dominion Financial Services, LLC is a Maryland limited liability company that does business in the state of Texas and does not maintain a registered agent with the Secretary of State of Texas. Dominion Financial Services will be served with process by serving Corporate Creations Network Inc. 5444 Westheimer #1000, Houston, TX 77056.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(4) and 28 U.S.C. § 1331. This is a retaliation and discrimination suit authorized and instituted pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

## BACKGROUND FACTS

4. Dominion Financial Services, LLC (hereinafter "Defendant" or "Dominion") retaliated against Anderson because Anderson opposed Defendant denying her the "right to make" contracts and denying the same "security of persons and property as is enjoyed by white citizens" in the United States as required by federal law. *See* 42 U.S.C. § 1981.

5. Throughout her employment with Dominion, Anderson felt that the terms and conditions she was forced to work under were different than white employees. Anderson made several complaints with no relief. Anderson was given an identical task/assignment as a white employee, which was being named team captain for a department competition. Upon her reaching out and discussing the competition with the other white team captain, Anderson discovered that her treatment was severely different and hostile as compared to the white employee.

6. Anderson made a written complaint to Dominion on August 30, 2021, while she was out on medical leave, clearly stating that her manager Stacy Gurman (white) had been overly aggressive because of her racial bias against her.[1]

7. When Anderson returned from her medical leave on September 13, 2021, she was assigned a new manager, Desiree Fermin. On September 22, 2021, Anderson received a formal write up for an interaction with a borrower that never happened. The interaction was with Lindsey Sheely (white). Soon after Anderson lodged her race discrimination complaints, she was terminated on September 24, 2021.

---

[1] See: Ex A

## CAUSES OF ACTION

**Section 1981 Violation**

8. Anderson's claim for recovery under Section 1981 is based upon a 42 U.S.C. § 1981, which provides that all persons within the United States shall have the same right to make and enforce contracts and to the full and equal benefit of all laws as is enjoyed by white citizens. This law entitles a person of color to equal opportunity and treatment in employment. Thus, when an employer acts adversely against a person of color because of that person's race, the law has been violated and the person of color may file suit and recover damages.

9. A person is also entitled to file suit and recover damages under Section 1981 for retaliation for opposing or reporting violations of Section 1981, or for participating in an investigation of a violation of Section 1981.

10. Dominion violated the federal statute by intentionally discriminating and retaliating against Anderson; and, as a direct result of the discrimination and retaliation caused damages to Anderson.

**Compensatory and Equitable Relief**

11. Anderson sustained damages, including lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, for which she is entitled to recovery under her causes of action. Anderson is also entitled to declaratory relief that a violation has occurred and to equitable relief in the form of reinstatement or an injunction against future discrimination or retaliation.

**Exemplary Damages**

12. Anderson is also entitled to receive punitive damages because Dominion engaged in a discriminatory or retaliatory practice or in discriminatory or retaliatory practices with malice

or with reckless indifference to the federally protected rights of an aggrieved individual.

**Attorney's Fees**

13. Anderson is also entitled to attorneys' fees, interest, and costs of court for services rendered in this cause, including trials and appeals.

### JURY DEMAND

14. Anderson requests a trial by jury to the extent allowed by law.

WHEREFORE, Anderson requests that Dominion answer and that on final trial, Anderson have judgment against Dominion for compensatory, declaratory, equitable, and exemplary damages, attorneys' and expert fees, costs of suit, and interest as provided by law, and any further relief to which she may be entitled.

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
Texas Bar No. 09934250
HOMMEL LAW FIRM PC
5620 Old Bullard Road, Suite 115
Tyler, TX 75703
(903) 596-7100 Telephone and Facsimile
bhommel@hommelfirm.com

ATTORNEY FOR PLAINTIFF