IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SHUNDRA ANDERSON,  §<br>§<br>*Plaintiff*,  §<br>§<br>v.  §<br>§<br>DOMINION FINANCIAL SERVICES,  §<br>LLC,  §<br>§<br>*Defendant*.  § | CIVIL ACTION NO.  2:23-CV-00195-JRG |

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

Before the Court is the Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (the "Motion") filed by Defendant Dominion Financial Services, LLC ("Dominion"). (Dkt. No. 8.) Plaintiff Shundra Anderson opposes the Motion. (*See* Dkt. No. 11.) For the following reasons, the Court finds that the Motion should be **DENIED**.

### II.  BACKGROUND

Anderson filed suit against Dominion on April 28, 2023 alleging unlawful discrimination and retaliation in violation of 42 U.S.C. § 1981. (Dkt. No. 1 at 1; Dkt. No. 10 at 1.) Anderson resides in Henderson, Texas. (Dkt. No. 10 at ¶ 6.) Dominion is a Maryland limited liability company with its headquarters in Baltimore. (Dkt. No. 1 at ¶ 2; Dkt. No. 8 at 4.)

Anderson worked for Dominion from her home in Texas providing services to the borrowing customers of Dominion. (Dkt. No. 10 at ¶ 6.) Dominion does not dispute that Anderson was a Texas resident working for Dominion from herhome in Texas at all times relevant to the case. (*See* Dkt. No. 11 at 1; Dkt. No. 12.)

Anderson's employment with Dominion ended on September 24, 2021. (Dkt. No. 10 at ¶ 9.) Anderson alleges that she was wrongly terminated and that her termination was both discriminatory and retaliatory. (*Id.* at ¶¶ 11–13.)

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). It is the plaintiff's burden to establish that personal jurisdiction exists, but the plaintiff only needs to present facts to make out a *prima facie* case supporting such jurisdiction. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). "The Court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). Additionally, conflicts between the facts contained in the parties' affidavits must be resolved in favor of the plaintiff for the purpose of determining whether a *prima facie* case for personal jurisdiction has been made. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). The rule is well-established that "parties who choose to litigate actively on the merits thereby surrender any jurisdictional objections." *PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 459 (5th Cir. 2001) (citing *General Contracting & Trading Co., LLC v. Interpole, Inc.*, 940 F.2d 20 (1st Cir. 1991)).

There are two steps to determine whether a federal court may exercise personal jurisdiction over a nonresident defendant: (1) the forum state's long-arm statute must confer personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). "As the Texas long-arm statute extends as far as constitutional due process allows,"

the Court only needs to consider the second step of the inquiry. *Id.*; *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007); *see also Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) ("Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis.").

The due process analysis focuses on the number and nature of a defendant's contacts with the forum to determine if the defendant has sufficient "minimum contacts" such "that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 326 (1945). These contacts may give rise to specific or general jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 138 (2014).

General jurisdiction applies to a defendant in "instances in which the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 917 (2011) (quoting *Int'l Shoe*, 326 U.S. at 318); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, n.4 (1984). Thus, general jurisdiction applies in "only a limited set of affiliations with a forum [that] will render a defendant amenable to all-purpose jurisdiction there." *Daimler*, 571 U.S. at 137. The Fifth Circuit has also stated that it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business" of a defendant. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).

Specific jurisdiction is a claim-specific inquiry—meaning that the factual basis for the plaintiff's claim must arise out of or relate to the defendant's substantial contacts with the forum. *Asashi Metal Indus. Co. v. Super. Ct.*, 480 U.S. 102, 109 (1987); *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006) ("Is specific personal jurisdiction a claim-specific inquiry?

3

We conclude that it is. A plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim."). The Supreme Court has recently reiterated that:

> there must be an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State. . . . *What is needed . . . is a connection between the forum and the specific claims at issue.*

*Bristol-Myers Squibb Co. v. Super. Ct.*, 137 S. Ct. 1773, 1781 (2017) (quoting *Goodyear*, 564 U.S. at 919) (internal citations in original omitted) (emphasis added); *see also Walden v. Fiore*, 571 U.S. 277, 284, 290 (2014) ("For a State to exercise jurisdiction consistent with due process, the defendant's *suit-related conduct* must create a substantial connection with the forum State. . . . The proper question is *not* where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.") (emphasis added).

To establish specific jurisdiction over a defendant, the plaintiff must demonstrate: "(1) whether the defendant . . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 484 (5th Cir. 2008).

"The 'minimum contacts' inquiry is fact intensive and no one element is decisive; rather the touchstone is whether the defendant's conduct shows that it 'reasonably anticipates being haled into court.'" *McFadin*, 587 F.3d at 759 (5th Cir. 2009) (quoting *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 469, 470 (5th Cir. 2006)). The plaintiff cannot supply the "only link between the defendant and the forum." *Carmona v. Leo Ship Mgmt.*, 924 F.3d 190, 194 (5th Cir. 2019) (quoting

*Walden*, 571 U.S. at 285). Instead, the "defendant himself" must make deliberate contact with the forum. *Id.* (citing *Walden*, 571 U.S. at 284 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985))).

"If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Seiferth*, 472 F.3d at 271 (citing *Burger King*, 471 U.S. at 382). To determine whether exercise of personal jurisdiction over the defendant would be unfair or unreasonable, the Court considers: (1) the burden on the nonresident defendant; (2) the forum state's interests; (3) the plaintiff's interest in securing relief; (4) the interest of the interstate judicial system in the efficient administration of justice; and (5) the shared interest of the several states in furthering fundamental social policies. *Burger King*, 471 U.S. at 477. Once a plaintiff has established sufficient minimum contacts with the forum, a defendant must make a "compelling case" that exercise of jurisdiction is unfair and unreasonable. *Dontos v. Vendomation NZ, Ltd.*, 582 F. App'x 338, 343 (5th Cir. 2014) (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)).

Federal Rule of Civil Procedure 4(k)(2) also permits a Court to exercise personal jurisdiction over a defendant; however, "the plaintiff's claim must arise under federal law, the defendant must not be subject to jurisdiction in any state's courts of general jurisdiction, and exercise of jurisdiction must comport with due process." *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1412 (Fed. Cir. 2009). Rule 4(k)(2) applies if "'the defendant contends that he cannot be sued in the forum state and refuses to identify any other where suit is possible[.]'" *Id*. at 1415 (citation omitted). Thus, the Court may not exercise personal jurisdiction over a defendant pursuant to Rule 4(k)(2) if the defendant identifies another state in which the case could have been brought. *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1294 (Fed. Cir. 2012).

## IV.  ANALYSIS

Dominion argues that it is not subject to general jurisdiction or specific jurisdiction in Texas. (Dkt. No. 8 at 3–11.) Dominion argues that it is not subject to general jurisdiction because it is Maryland limited liability company with its headquarters in Baltimore. (*Id.* at 4.) Dominion further argues that there are no facts for the Court find that it is "at home" in Texas. (*Id.* at 4–5.) Regarding specific jurisdiction, Dominion argues that it did not have any minimum contacts with the state of Texas at the time the suit was filed, pointing out all the things it has not done in Texas. (*Id.* at 6–8.) Dominion also argues that its only contacts with Texas are "fortuitous" as they were dependent on Anderson's choices, not Dominion's. (*Id.* at 8–9 (citing *Embry v. Hibbard Inshore, L.L.C.*, 803 F. App'x 746, 748 (5th Cir. 2020); *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004)).) Dominion then argues that the suit "does not arise from any contact by Dominion with Texas" and that "[r]equiring Dominion to litigate in Texas is unfair and unreasonable." (*Id.* at 9–11.)

In response, Anderson argues that Dominion is subject to general jurisdiction in Texas "by virtue of its election to do business in the State of Texas" and because it is registered to do business in Texas. (Dkt. No. 11 at 5–6.) Anderson also argues that Dominion is subject to specific jurisdiction in Texas because "Dominion has purposefully directed its activities at residents of the State of Texas by employing Anderson." (*Id.* at 7–8 (citing *Moreno v. Milk Train, Inc.,* 182 F. Supp. 2d 590 (W.D. Tex. 2002)).) Anderson then argues that it would be fair for Dominion to be subject to suit in Texas. (*Id.* at 8–9.)

Dominion argues in reply that it is not subject to general jurisdiction in Texas because it is not incorporated in Texas and does not have its principal place of business in Texas, and because this is not an "exceptional case" such that it would be appropriate to exercise general jurisdiction

6

over Dominion. (Dkt. No. 12 at 3.) Dominion also urges that there is no specific jurisdiction, primarily relying on *Embry*. (*Id.* at 3–5 (citing *Embry*, 803 F. App'x 746).)

As a preliminary matter, the Court finds that Dominion is not subject to general jurisdiction in Texas. Dominion's election to do business in Texas (evidenced by its registering to do business in Texas) and the business it conducts in Texas are indeed contacts with the state, but they are not contacts that are so "'continuous and systematic' as to render [Dominion] at home in" Texas. *Goodyear*, 564 U.S. at 919.

However, the Court reaches a different conclusion with regard to specific jurisdiction—Dominion is subject to specific jurisdiction in Texas.

First, Dominion has purposely directed its activities toward Texas. By Dominion's own admission, Dominion employs six individuals who work remotely from Texas. (Dkt. No. 12 at 3.) Dominion conducts lending activities in Texas through these employees. (*Id.*) Dominion has also indisputably employed Anderson, and she worked from home in the Eastern District of Texas. (*See id.* at 3–6.)

Dominion relies on *Embry* to argue that it should not be subject to personal jurisdiction, but *Embry* is distinguishable. 803 Fed. App'x 746. In *Embry* plaintiff Embry moved to Louisiana while he was employed by defendant Hibbard. *Id.* at 747–48. While in Louisiana, Embry and Hibbard had a wage dispute, so Embry filed suit. *Id.* at 748. The district court dismissed for lack of personal jurisdiction and Embry appealed. *Id.* On appeal, "Embry's arguments focus[ed] on his own connections with Louisiana. Among the connections were his residence in that state, his attempts to communicate with Louisiana businesses in his capacity as a Hibbard employee, his paycheck stub had a Louisiana address on it, and he worked from Louisiana." *Id.* In affirming the district court's decision, the Fifth Circuit reasoned that "[t]he Supreme Court has held that a

'plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him.'" *Id.* at 749 (citing *Walden*, 574 U.S. at 285). *Embry* is distinguishable for the simple reason that Dominion has admitted that it has made contacts with Texas other than through plaintiff Anderson. Dominion has benefitted from these contacts. Accordingly, the Court finds that Dominion has directed its activities toward Texas.

Second, the Court finds that the case arises out of Dominion's contacts with Texas. Dominion has customers in Texas. (Dkt. No. 12 at 3.) Anderson served some of those customers while she was in Dominion's employ. (*See id.* at 4 (Dominion disputing scope of Anderson's required duties, but not disputing that she served Dominion's customers in Texas).) Dominion knew and accepted that Anderson was working from home in Texas while she was in Dominion's employ. (*See* Dkt. No. 10 at ¶ 6.) Accordingly, Anderson's termination arises out of Dominion's contacts with Texas—had Dominion never made these contacts with Texas, Anderson's employment with Dominion would have never ended (or started). In other words, there is a causal but-for relationship between Dominion's contacts with Texas and the end of Anderson's employment with Dominion. Moreover, employment claims form the basis for this action.

Finally, the Court finds that exercising personal jurisdiction over Dominion is fair and reasonable. Under the first *Burger King* factor, there exists a burden borne by Dominion to litigate in Texas because it is primarily based out of Maryland. However, under the second *Burger King* factor, Texas has an interest in ensuring that her residents are not discriminated against on the basis of their race and in ensuring that her residents are not retaliated against. The third factor also weighs in favor of exercising personal jurisdiction over Dominion because plaintiff has an interest in securing relief in her home state of Texas. As to the fourth and fifth factors, the Court finds that

there is no interest of the interstate judicial system or shared interest of the several states that weighs against exercising personal jurisdiction over Dominion in Texas. Accordingly, Dominion has not made a "compelling case" that exercise of jurisdiction is unfair and unreasonable. *See Dontos*, 582 F. App'x at 343 (quoting *Wien Air Alaska, Inc.*, 195 F.3d at 215).

## V. CONCLUSION

For the foregoing reasons, the Court finds that the Motion (Dkt. No. 8) should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 5th day of September, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE