# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SHUNDRA ANDERSON § | |
| § | |
| v. § | Case No. 2:23-cv-00195-RSP |
| § | |
| DOMINION FINANCIAL SERVICES, § | |
| LLC § | |

## MEMORANDUM ORDER

Before the Court is Defendant Dominion Financial Services, LLC's Motion for Summary Judgment on Plaintiff Shundra Anderson's Claims for discrimination and retaliation in violation of 42 U.S.C. § 1981. **Dkt. No. 40.** For the reasons discussed below, the Court **DENIES** the Motion.

### I.   LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* [dispute] of material fact." *Anderson*, 477 U.S. at 247–48 (emphasis added). The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323.

"If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

## II.   ANALYSIS

Plaintiff Shundra Anderson brings claims against her former employer for job discrimination and retaliation. Defendant moves for summary judgment claiming that Anderson has not adduced evidence to support her claims. Dkt. No. 40. Because Anderson has adduced sufficient evidence to create a genuine dispute of material facts, the court denies the motion.

a. <u>Discrimination</u>

At the first step of the *McDonnell Douglas* framework, Anderson must make a *prima facie* case that (1) she belongs to a protected group, (2) she was qualified for her position, (3) she suffered an adverse employment action, and (4) a similarly situated employee outside of her protected group was treated more favorably. *See Watkins v. Tregre*, 997 F.3d 275, 282 (5th Cir. 2021).

Anderson makes a *prima facie* case of race discrimination. First, Anderson is African American and therefore a member of a protected group. Dkt. No. 42 at 10. Second, Anderson was qualified for her position. *See id.* at 10–11. Third, Anderson's firing is obviously an adverse employment action. Fourth, Anderson marshals competent summary judgment evidence, namely

her deposition, that shows that Lindsey Sheely, a similarly situated white female employee, was treated more favorably. *Id.* at 11; *see* Dkt. No. 42-1 at 11: 9–20. Sheely was not fired nor disciplined for not meeting her quota. Dkt. No. 42 at 11.

Dominion indisputably offers legitimate non-discriminatory reasons for Anderson's termination. *See* Dkt. No. 40.; Dkt. No. 42 at 13. The burden thus shifts back to Anderson to show pretext. *See Watkins*, 997 F.3d 275 at 282.

Anderson relies on evidence of disparate treatment to show pretext. *See Stennet v. Tupelo Pub. Sch. Dist.*, 619 F. App'x 310, 317 (5th Cir. 2015). Specifically, according to Anderson:

> Dominion Financial sabotaged Anderson's performance by holding her responsible for a customer interaction for which she had no control, having been assigned to a White peer. Dominion Financial allowed White peer to commit the action with the customer for which Anderson was terminated. While Dominion Financial's HR person was provided evidence that Anderson was wrongly accused of contacting the customer, she proceeded directly to termination. There was no discipline issued to her White peer.

Dkt. No. 42 at 14; Dkt. No. 42-5; Dkt. No. 42-6. Anderson also points to lack of investigation into her race discrimination complaint. Dkt. No. 42 at 14–15. Taking Anderson's evidence as whole and in a light most favorable to her, as the Court must at the summary judgment stage, she has met her burden of showing substantial evidence of pretext.

### b. Retaliation

Anderson also provides sufficient evidence to survive summary judgment on her retaliation claim. To prove retaliation under Title VII, the plaintiff must establish: "(1) the employee engaged in activity protected by Title VII; (2) the employer took adverse employment action against the employee; and (3) a causal connection exists between that protected activity and the adverse employment action." *Equal Emp. Opportunity Comm'n v. EmCare, Inc.*, 857 F.3d 678, 683 (5th Cir. 2017). First, Anderson engaged in protected activity by complaining and reporting

discrimination and retaliation to Dominion's HR department and to the EEOC. Dkt. No. 42 at 11–12. This is undisputed. Second, Anderson was disciplined and terminated, which are indisputably adverse employment actions. *Id.* at 12. Third, Anderson points to the temporal proximity of her discipline and firing to her complaint. There were 30 days between the two events. *Id.* Further Anderson provides an account of the reasons for her termination that differs from Dominion's creating a factual dispute for the jury to resolve. *Id.* at 12–13; Dkt. No. 42-5. Finally, the same pretext analysis applies to this claim as to the discrimination claim

### III. CONCLUSION

For the above reasons, the Court **DENIES** the Motion for Summary Judgment.

**SIGNED this 12th day of December, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE